EC

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>ARGON CREDIT, LLC, *et al.*,<br><br>        Debtors. | |
| FUND RECOVERY SERVICES, LLC,<br><br>        Appellant,<br>v.<br><br>LINDSAY FORE, *et al.*,<br><br>        Appellees. | Case No. 18-cv-06778<br><br>~~Hon. Charles R. Norgle, Sr.~~<br><br>(Appeal From Order of the United States Bankruptcy Court for the Northern District of Illinois in Case No. 16-39654) |
| FUND RECOVERY SERVICES, LLC,<br><br>        Appellant,<br>v.<br><br>BRITTNEY GALE ALAIMO, *et al.*,<br><br>        Appellees. | Case No. 18-cv-07969<br><br>Hon. Charles R. Norgle, Sr<br><br>(Appeal From Order of the United States Bankruptcy Court for the Northern District of Illinois in Case No. 16-39654) |

### ORDER

The parties' August 27, 2019 agreed status report indicates that mediation in these matters has failed and that Appellee is now engaging in arbitration with the third-party respondent on issues that bear on the present cases. The details, depth, and extent of this engagement are not indicated.

These appeals stem from a bankruptcy that was originally filed on December 16, 2016, and Appellant is appealing parallel Bankruptcy Court orders dated September 21, 2018 and November 19, 2018. This a consolidated appeal following a transfer of the later-filed appeal to this Court on May 13, 2019. The present appeals have been pending since October 9, 2018 and December 4, 2019, respectively. Since the filing of the appeals, the parties have repeatedly represented to the Court that they are seeking to resolve these matters through private dispute resolution, which the Court views as favorable efforts aimed at resolving this matter. Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62, 115 S. Ct. 1212, 1218, 131 L. Ed. 2d 76 (1995) (referencing "federal policy favoring arbitration"). However, the parties, Appellant in particular, appear to have disregarded this federal litigation in favor of the private efforts to resolve this matter through mediation and arbitration. In light of this failure to litigate this appeal, the Court dismisses

the appeal and encourages the parties to settle the dispute through the private means that they have been employing and continue to employee.

To allow continuous stalling while the parties seek out and utilize alternative dispute resolution methods over too long a time places a burden on the Court and derogates from the just and speedy determination of cases in the U.S. District Courts. As Congress has written, "delays throughout the course of litigation not only often inure to the benefit of one side over another but also increase court backlog, often inhibit the full and accurate determination of the facts, interfere with the deliberate and prompt disposition and adjudication of cases and thereby contribute to high litigation transaction costs[.]" S. REP. NO. 416, 101st Cong., 2d Sess. 3-6 (1990); H.R. REP. NO. 734, 101st Cong., 2d Sess. 15-16 (1990). The parties speculate that given a 120-day extension of the appeal that resolution could result. This representation may support a positive view amongst the debtors and creditors involved in the bankruptcy, but it cannot support carrying this ill-attended appeal at the expense of other litigants deserving of prompt attention to their cases.

The parties' request is thus rejected and, in light of the burden placed on the Court. the failure to litigate, and that the parties are and will be using alternative dispute resolution methods, the appeal is dismissed. Again, the Court encourages settlement in their chosen alternative forums, which is consistent with the U.S. Supreme Court's favorable view of private dispute resolution.

    IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: September 24, 2019